## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **AUDREY JUNE HESS BELCHER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF KENTUCKY, ET AL.,** | ) ) | By:  James P. Jones United States District Judge |
| | ) | |
| Defendants. | ) | |

*Carl E. McAfee, Carl E. McAfee, P.C., Norton, Virginia, for Plaintiff; Benjamin A. Street and Lucy W. Bowman, Street Law Firm, LLP, Grundy, Virginia, for Defendants.*

In this action involving a boundary dispute, the plaintiff asks me to enjoin the defendants from enforcing a Kentucky state trial court judgment which was affirmed by the Kentucky Court of Appeals.  Because I find that the suit is barred by the *Rooker-Feldman* doctrine, I will dismiss the action for lack of subject-matter jurisdiction.

I

The Complaint alleges the following facts.  Defendants Walter and Joann Hess own real estate located in Pike County, Kentucky.  Plaintiff Audrey Belcher owns property located in the Commonwealth of Virginia, adjacent to the Hess

parcel; the boundary line between the two properties is the Kentucky-Virginia state line.  The Hesses previously filed a quiet title action against Belcher in the Circuit Court of Pike County, Kentucky, in which they asked that court to settle a dispute regarding the property line between the two parcels.  The Kentucky trial court held a bench trial and found in favor of the Hesses.  *Hess v. Belcher*, No. 10-CI-01204 (Ky. Cir. Ct. June 15, 2011).  Belcher appealed, and the Court of Appeals of the Commonwealth of Kentucky affirmed the trial court's judgment.  *Belcher v. Hess*, No. 2011-CA-001267-MR, 2012 WL 3137326 (Ky. Ct. App. Aug. 3, 2012) (unpublished).

Unsatisfied with the outcome of the Kentucky litigation, Belcher then commenced this action, in which she seeks an injunction to prevent enforcement of the Kentucky judgment.  The Complaint also requests a declaratory judgment, asking me to

> declare the August 3, 2012 Kentucky Opinion to be null and void as well as the opinion of the Pike County Circuit Court, thereby protecting the sovereignty of the Commonwealth of Virginia, the integrity of Virginia's boundaries and the property rights of Audrey Belcher, and in doing so, thereby invalidating the actions of the Commonwealth of Kentucky.

(Compl. ¶ 18.)  Belcher contends that this court has subject-matter jurisdiction pursuant to Article III, Section 2 of the Constitution because this suit, according to

Belcher, is essentially a controversy between two states regarding the position of the Kentucky-Virginia boundary line.[1]

Walter and Joann Hess have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) due to lack of subject-matter jurisdiction.[2]   For the reasons that follow, I will grant the defendants' motion and dismiss the case.


II

Belcher's Complaint explicitly requests that I review and overturn the decisions of the Kentucky courts, in violation of the well-established *Rooker-Feldman* doctrine.  That I cannot do.

The *Rooker-Feldman* doctrine, named after two landmark Supreme Court decisions, bars a party who loses in state court from seeking what is essentially appellate review of the state court decision in federal court.   *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Smalley v. Shapiro & Burson, LLP*, No. 12-1266, 2013 WL 1613219 at *4 (4th Cir. Apr. 16, 2013) (unpublished).   The reasons for the doctrine are twofold.   First, the doctrine is grounded in the

---

[1]  Belcher has also moved to join the Commonwealth of Virginia as a defendant. For the reasons stated in this Opinion, this court has no jurisdiction and the addition of the Commonwealth would not change that determination.   Accordingly, it is not necessary to resolve that motion.

[2]   The Commonwealth of Kentucky has moved for an extension of time to file responsive pleadings, but in light of my determination that subject-matter jurisdiction does not exist, it is not necessary for that party to respond.

separation of powers. Congress, which is empowered by the Constitution to define the jurisdiction of the lower federal courts, has granted the United States Supreme Court alone the power to review state court judgments. *Id.* at \*4. In contrast, federal district courts may exercise only original jurisdiction; Congress has never given district courts appellate jurisdiction. *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000). Second, the doctrine serves to preserve the independence of state courts. *Id.* at 198-99.

"The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision . . . ." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). Belcher unequivocally asks me to do just that. Because the subject-matter jurisdiction of this court does not include what is in substance appellate review of a state court decision, I must dismiss the case.[3]

---

[3]    The plaintiff asserts that the Kentucky courts were without jurisdiction over the dispute because they had no power to fix a boundary between two states. The Kentucky trial court decided that the Belchers were not entitled to title to the disputed portion of the property under the doctrine of adverse possession. 2012 WL 3137326, at \*1 n.1. The court also rejected the Belchers' argument that their property is in Virginia and thus the court was without jurisdiction to determine the dispute. The court made this latter decision based upon the trial court's evaluation of the conflicting testimony presented by the parties. *Id.* at \*2. The determination of the location of the property was thus decided only for the purposes of that case and obviously constituted no official determination of the location of the state line binding upon others not party to the case.

## III

For the foregoing reasons, I find that this court lacks subject-matter jurisdiction and will grant the defendants' Motion to Dismiss.  A separate order will be entered herewith.

DATED:  May 3, 2013

/s/  James P. Jones
United States District Judge